IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and                     )
INTELLISYNC CORPORATION,                  )
                                          )
              Plaintiffs,                 )
                                          )
       v.                                 )   C.A. No. _____
                                          )
APPLE INC.,                               )   **JURY TRIAL DEMANDED**
                                          )
              Defendant.                  )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Nokia Corporation and Intellisync Corporation (collectively "Nokia"), on personal knowledge as to its own acts, and on information and belief as to all others based on its own investigation, alleges as follows:

### INTRODUCTION

1.     This is an action brought by Nokia against Apple Inc. ("Apple") for Apple's infringement of Nokia's patents. In particular, Nokia seeks remedies for Apple's infringement of Nokia's U.S. Patent Nos. 7,209,911 ("the 911 Patent"), 6,212,529 ("the 529 Patent"), 6,141,664 ("the 664 Patent"), 6,445,932 ("the 932 Patent"), 5,898,740 ("the 740 Patent"), and 7,319,874 ("the 874 Patent") (collectively, the "Asserted Patents").

### PARTIES

2.     Plaintiff Nokia Corporation is incorporated under the laws of Finland and has its principal place of business at Keilalahdentie 4, Espoo, Finland.

3.     Plaintiff Intellisync is a corporation duly organized and existing under the laws of the state of Delaware and has a principal place of business at 102 Corporate Park Drive, White Plains, New York 10604. Intellisync is a wholly-owned subsidiary of Nokia Corporation.

4.    Defendant Apple is a corporation duly organized and existing under the laws of the state of California and has a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION

5.    This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Apple because Apple has established minimum contacts with the forum. Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in Delaware. Apple, directly and/or through its distribution network, places electronic devices within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products will be sold in the State of Delaware. Therefore, the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.

7.    Apple does business in this district, including providing products that are used, offered for sale, sold, and have been purchased in Delaware. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## GENERAL ALLEGATIONS

8.    Nokia Corporation owns by assignment the entire right, title, and interest in and to the 932 Patent, the 740 Patent, and the 874 Patent.

9.    Intellisync Corporation owns by assignment the entire right, title, and interest in and to the 911 Patent, the 529 Patent, and the 664 Patent.

10. Apple has infringed and continues to infringe each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not necessarily limited to one or more of making, using, selling and offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain electronic devices, including, but not limited to Apple's iPhones, iPads, iPod Touches, and iMac, Mac Mini, Mac Pro, MacBook, MacBook Pro, and MacBook Air computers.

## COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 7,209,911

11. Nokia incorporates by reference the allegations set forth in paragraphs 1-10 as though fully set forth herein.

12. The 911 Patent, entitled "Synchronization of Databases Using Filters," duly and lawfully issued on April 24, 2007. Intellisync is the current owner of all rights, title, and interest in the 911 Patent. A copy of the 911 Patent is attached as Exhibit A.

13. Apple has infringed and is infringing the 911 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least Apple's iPhones for the AT&T network, iPads, iPod Touches, and MacBook, MacBook Pro, and MacBook Air computers, that infringe one or more claims of the 911 Patent.

14. Apple has contributed and is contributing to the infringement of the 911 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

15. Apple has induced and is inducing the infringement of the 911 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

16.     Apple's infringement of the 911 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

17.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law. Unless enjoined by this Court, Apple will continue to infringe the 911 Patent.

18.     Apple's infringement of the 911 Patent is exceptional and entitles Nokia to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

19.     Nokia is putting Apple on notice of the 911 patent and Apple's infringement thereof at least as early as the service of this Complaint.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,212,529

20.     Nokia incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

21.     The 529 Patent, entitled "Synchronization of Databases Using Filters," duly and lawfully issued on April 3, 2001.  Intellisync is the current owner of all rights, title, and interest in the 529 Patent.  A copy of the 529 Patent is attached as Exhibit B.

22.     Apple has infringed and is infringing the 529 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least Apple's iPhones for the AT&T network, iPads, iPod Touches, and MacBook, MacBook Pro, and MacBook Air computers, that infringe one or more claims of the 529 Patent.

23.     Apple has contributed and is contributing to the infringement of the 529 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

24.     Apple has induced and is inducing the infringement of the 529 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

25.     Apple's infringement of the 529 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

26.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law. Unless enjoined by this Court, Apple will continue to infringe the 529 Patent.

27.     Apple's infringement of the 529 Patent is exceptional and entitles Nokia to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

28.     Nokia is putting Apple on notice of the 529 patent and Apple's infringement thereof at least as early as the service of this Complaint.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,141,664

29.     Nokia incorporates by reference the allegations set forth in paragraphs 1-28 as though fully set forth herein.

30.     The 664 Patent, entitled "Synchronization of Databases With Date Range," duly and lawfully issued on October 31, 2000.  Intellisync is the current owner of all rights, title, and interest in the 664 Patent.   A copy of the 664 Patent is attached as Exhibit C.

31.     Apple has infringed and is infringing the 664 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least Apple's iPhones for the AT&T network, iPads, iPod Touches, and MacBook, MacBook Pro, and MacBook Air computers, that infringe one or more claims of the 664 Patent.

32.     Apple has contributed and is contributing to the infringement of the 664 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

33.     Apple has induced and is inducing the infringement of the 664 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

34.     Apple's infringement of the 664 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

35.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law. Unless enjoined by this Court, Apple will continue to infringe the 664 Patent.

36.     Apple's infringement of the 664 Patent is exceptional and entitles Nokia to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

37.     Nokia is putting Apple on notice of the 664 patent and Apple's infringement thereof at least as early as the service of this Complaint.

### COUNT IV
### INFRINGEMENT OF U.S. PATENT NO. 6,445,932

38.     Nokia incorporates by reference the allegations set forth in paragraphs 1-37 as though fully set forth herein.

39.     The 932 Patent, entitled "Multi-Service Mobile Station," duly and lawfully issued on September 3, 2002. Nokia is the current owner of all rights, title, and interest in the 932 Patent. A copy of the 932 Patent is attached as Exhibit D.

40.     Apple has infringed and is infringing the 932 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority,

products and services including electronic devices, such as at least Apple's iPhones for the AT&T network, iPads, and iPod Touches, that infringe one or more claims of the 932 Patent.

41.    Apple has contributed and is contributing to the infringement of the 932 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

42.    Apple has induced and is inducing the infringement of the 932 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

43.    Apple's infringement of the 932 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

44.    Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law. Unless enjoined by this Court, Apple will continue to infringe the 932 Patent.

45.    Apple's infringement of the 932 Patent is exceptional and entitles Nokia to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46.    Nokia is putting Apple on notice of the 932 patent and Apple's infringement thereof at least as early as the service of this Complaint.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 5,898,740

47.    Nokia incorporates by reference the allegations set forth in paragraphs 1-46 as though fully set forth herein.

48.    The 740 Patent, entitled "Power Control Method in a Cellular Communication System and a Receiver," duly and lawfully issued on April 27, 1999. Nokia is the current owner

of all rights, title, and interest in the 740 Patent. A copy of the 740 Patent is attached as Exhibit E.

49.     Apple has infringed and is infringing the 740 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as the Apple iPhone 4 for the Verizon network, that infringe one or more claims of the 740 Patent.

50.     Apple has contributed and is contributing to the infringement of the 740 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

51.     Apple has induced and is inducing the infringement of the 740 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

52.     Apple's infringement of the 740 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

53.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law. Unless enjoined by this Court, Apple will continue to infringe the 740 Patent.

54.     Apple's infringement of the 740 Patent is exceptional and entitles Nokia to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

55.     Nokia is putting Apple on notice of the 740 patent and Apple's infringement thereof at least as early as the service of this Complaint.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 7,319,874

56.     Nokia incorporates by reference the allegations set forth in paragraphs 1-55 as though fully set forth herein.

57.     The 874 Patent, entitled "Dual Mode Terminal for Accessing a Cellular Network Directly or via a Wireless Internet," duly and lawfully issued on January 15, 2008.  Nokia is the current owner of all rights, title, and interest in the 874 Patent.  A copy of the 874 Patent is attached as Exhibit F.

58.     Apple has infringed and is infringing the 874 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as the Apple iPhone 4 for the Verizon network, that infringe one or more claims of the 874 Patent.

59.     Apple has contributed and is contributing to the infringement of the 874 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

60.     Apple has induced and is inducing the infringement of the 874 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

61.     Apple's infringement of the 874 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

62.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law. Unless enjoined by this Court, Apple will continue to infringe the 874 Patent.

63.     Apple's infringement of the 874 Patent is exceptional and entitles Nokia to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

64.     Nokia is putting Apple on notice of the 874 patent and Apple's infringement thereof at least as early as the service of this Complaint.

## DEMAND FOR JURY TRIAL

65.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Nokia demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Nokia prays for judgment and seeks relief against Apple as follows:

(a)     That the Asserted Patents have been and continue to be directly and/or indirectly infringed by Apple;

(b)     That the Asserted Patents are not invalid and are enforceable;

(c)     For all damages sustained as a result of Apple's infringement of Nokia's patents as herein alleged;

(d)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(e)     For a permanent injunction enjoining Apple, its officers, agents, servants, employees and all other persons acting in concert or participation with it from further infringement, contributory infringement, and inducement of infringement of the Asserted Patents.

(f)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g)     For all costs of suit; and

(h)      For such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNEL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs Nokia Corporation and
Intellisync Corporation*

OF COUNSEL:

Patrick J. Flinn
John D. Haynes
ALSTON & BIRD LLP
One Atlantic Center
1201 Peachtree Street
Atlanta, GA  30309
(404) 881-7000

Alan L. Whitehurst
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, N.W.
Washington, DC  20004
(202) 756-3300

March 28, 2011
4160470

11